ROGERS, J.
 

 Appellants are the police jury and tax collector of the parish of Lincoln, and their appeal is from a judgment enjoining them from levying and collecting an alleged excess of taxes for road maintenance purposes.
 

 At an election held on October 10, 1920, a tax of two mills, to run 10 years, was voted by the taxpayers for the purpose of maintaining the public roads and bridges of the parish. At another election held on March 27, 1927, a tax of five mills, to run 10 years, was voted by the taxpayers for the same purpose. The former tax was voted under the authority of the Constitution of 1913, and the latter tax was voted under the authority of the Constitution of 1921. Since the election held in 1927, the parochial authorities have been collecting both taxes, aggregating seven mills on the assessed value of all property in the parish subject to general taxation.
 

 
 *480
 
 Plaintiff and appellee, a taxpayer of the parish, paid the first tax of two mills and three mills of the second tax, but has refused to pay two mills of the latter tax, on the ground that to that extent the aggregate of both taxes, which is seven mills, exceeds the maximum of five mills fixed by section 10 of article 10 of the Constitution of 1921. The contention was upheld by the court below.
 

 It is admitted — or, rather, it is not seriously disputed' — that the tax levied under the Constitution of 1913 is a valid and collectible tax. Therefore the answer to the question submitted by the plaintiff and appellee must be found in an interpretation of the provisions of the Constitution of 1921. The pertinent part of section 10, art. 10, of that Constitution reads as follows, viz.:
 

 “Eor the purpose of constructing or improving public buildings, school houses, roads, bridges, levees, sewerage or drainage works, or other works of permanent public improvement, title to which shall be in the public, or for the maintenance thereof, any political subdivision may levy taxes, in excess of the limitations otherwise fixed in this Constitution, not to exceed in any year five mills on the dollar for any one of said purposes, and not to exceed in any year twenty-five mills on the dollar, on any property, for all of said purposes: * * ' * Provided, no special tax authorized by this section shall run for a longer period than ten years; and, provided, further, that the rate, purpose and duration of any such special tax shall have been submitted to the resident property taxpayers qualified to vote in the subdivision in which the tax is to be levied, and a majority of those voting, in number and amount, shall have voted in favor thereof.
 
 The provisions of this section shall not a'ffeet the validity of any tax levied, hy authority of art, election held prior to the adoption of this Constitution.
 
 * * *» (Writer’s italics.)
 

 A mere reading of the foregoing quotation from the fundamental law plainly shows that the constitutional provision was intended to be, and is, prospective, and not retrospective, in its operation. Its declaration is that, for the purposes enumerated, any political subdivision of the state
 
 may levy taxes
 
 at the rate, to the extent, and for the duration therein set forth, provided a majority of the resident taxpayers, in number and amount, of the subdivision in which the
 
 tax is to he levied,
 
 have voted in favor thereof at a special election called and held for the purpose. The same provision, under the clause which we have italicized in the quotation therefrom, expressly protects all taxes voted and levied under prior constitutional authority. The protection thus accorded all prior tax levies renders them exclusive, and not inclusive,, of any tax levy which may be made under the authority of the present constitution. In other words, in reaching the limit of five mills a year as established by section 10, art. 10, Const. 1921, a political subdivision of the state, availing itself of the constitutional provision, is not required to include the annual millage levied under an election held by the authority of a prior constitution. If this were not so, no political subdivision of the state which had prior to the Constitution of 1921 voted an annual tax-of five mills, or an annual tax in excess of that. rate, for road maintenance purposes, would be in a position to obtain the benefit of the provision of that Constitution in question here. Moreover, it is obvious that, if it was the intention of the framers of the Constitution of 1921 that taxes levied prior thereto should be considered in reaching the limitation established by section 10, art. 10, they
 
 *482
 
 would have made that intention clear by the use of appropriate language. Instead of doing this, they indicated the contrary intention by saving, in express terms, all taxes levied by authority of an election held prior to the adoption of the Constitution.
 

 Our -conclusion is that the annual tax of five mills, fixed and levied by the defendants under the authority of the election held on March 27,1927, is exclusive of the annual tax of two mills levied and collected by them under the authority of the election held on October 10, 1920.
 

 For the reasons assigned, the judgment appealed from is annulled, the injunction herein issued is dissolved, and plaintiff’s demand is rejected, at its costs.
 

 OVERTON and ST. PAUL, JJ., dissent from refusal to grant rehearing.